UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES

-v-

LAWRENCE WILLIAMS,
                    Defendant.

03-CR-1334 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Defendant Lawrence Williams has moved for a reduction in sentence pursuant to Section 404(b) of the First Step Act of 2018. Williams, through counsel, requests that his sentence be reduced from a term of imprisonment of 240 months to time served.[1] (Dkt. No. 300.) The Government has filed a response in opposition to the motion. (Dkt. No. 303.) For the reasons that follow, Williams' motion is granted.

I.  **Background**

Williams was charged in a multi-count indictment filed on December 9, 2004. (Dkt. No. 125.) Count One charged him with conspiracy to distribute and possess with intent to distribute 1.5 kilograms and more of crack cocaine, in violation of 21 U.S.C §§ 812, 841(a)(1), and 841(b)(1)(A). (*Id.* at 1–10.) Counts Three through Nine charged him with distributing and possessing with intent to distribute certain quantities of crack cocaine on seven separate occasions, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 841(b)(1)(C), and 18 U.S.C. § 2. (*Id.* at 10–11.) The government filed a prior felony information as to Williams on December 13, 2004. (Dkt. No. 118.)

---

[1] Williams previously filed a *pro se* motion for sentence reduction by mail seeking the same relief. That motion was forwarded from the Clerk's Office on April 12, 2019, when the case was reassigned to my docket. Williams' *pro se* motion was superseded by the motion filed by counsel, the Federal Defenders of New York, on June 13, 2019.

On March 15, 2005, Williams appeared before Judge Barbara Jones and pleaded guilty to all counts, but he contested the drug amounts charged in Counts One, Eight and Nine. (Dkt. No. 151.) Specifically, he pleaded guilty to conspiracy to distribute 50 grams or more of crack cocaine, instead of 1.5 kilograms as charged in the indictment, on Count One. (*Id.* at 16–17.) He also pleaded guilty to distributing 50 grams or more crack cocaine on Counts Eight and Nine. (*Id.* at 27.)

At sentencing on December 19, 2007, Judge Jones found "by a preponderance of the evidence that the amount of crack [involved in Williams' offenses] was well in excess of 4.5 [kilograms] of crack cocaine." (Dkt. No. 215 at 25.) Based on that finding, Judge Jones determined that Williams had a total offense level of 44 and a criminal history category of II, resulting in an advisory sentence of life imprisonment under the Sentencing Guidelines ("Guidelines"). (*Id.* at 30–31.) In light of his prior felony conviction, Williams was also subject to a mandatory minimum term of imprisonment of 240 months because his conviction for an offense involved 50 grams or more of crack cocaine. *See* 21 U.S.C. § 841(b)(1)(A) (2006); (Dkt. No. 215 at 10.) Judge Jones ultimately sentenced Williams to a 240-month term of imprisonment followed by a 10-year term of supervised release. (*Id.* at 44–45.)

Williams, who is now 47 years old, has served nearly 16 years of his 20-year sentence. He has not had a single disciplinary infraction. He has completed his GED as well as numerous vocational-training and educational programs.

## II.     Discussion

Section 2 of the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." *Dorsey v.*

*United States*, 567 U.S. 260, 269 (2012). But because the Fair Sentencing Act took effect on August 3, 2010, it was applicable only to sentences imposed thereafter. *Id.* at 264.

The First Step Act of 2018 "made retroactive the crack cocaine minimums in the Fair Sentencing Act." *United States v. Rose*, No. 03-CR-1501, 2019 WL 2314479, at *2 (S.D.N.Y. May 24, 2019). Specifically, section 404 of the First Step Act permits "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." First Step Act of 2018, 115 Pub. L. 391 § 404, 132 Stat. 5194, 5222 (2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id.*

The parties disagree as to whether Williams is eligible for relief under the First Step Act, and if so, whether such relief is warranted in the circumstances of this case.

### A. Eligibility for Relief under the First Step Act

The Government argues that Williams is ineligible for relief under the First Step Act because his actual conduct involved at least 4.5 kilograms of crack cocaine, which, even under the Fair Sentencing Act, would trigger the penalties in 21 U.S.C. § 841(b)(1)(A). (Dkt. No. 303 at 3.) According to the Government, the First Step Act applies only when the statutory penalties for a defendant's actual conduct were modified by the Fair Sentencing Act. (*Id.* at 4.) Because the statutory penalties for Williams' actual conduct here—conspiracy to distribute more than 4.5 kilograms of crack cocaine—were not modified by the Fair Sentencing Act, the Government contends, Williams is ineligible for relief under the First Step Act. (*Id.* at 3.)

The Government's argument fails for the reasons persuasively explained by Judge Caproni in *United States v. Rose*, No. 03-CR-1501, 2019 WL 2314479 (S.D.N.Y. May 24, 2019).

3

This Court adopts Judge Caproni's reasoning in *Rose*. It is the statute of conviction, rather than a defendant's actual conduct, that determines a defendant's eligibility under the First Step Act. *Id.* at *3–5. To be eligible for relief under the First Step Act, a defendant must have been convicted of a "covered offense" committed before August 3, 2010. First Step Act § 404. It is clear that whether a particular offense is a "covered offense" is determined by the federal criminal statute that the defendant violated. If the federal criminal statute is one for which the statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act, then that offense is a "covered offense." *See, e.g.*, *Rose*, 2019 WL 2314479, at *3–5 (concluding that defendant was eligible for relief despite judicial finding that he was responsible for 1.5 kilograms of crack cocaine); *United States v. Stanback*, No. 5:02 Crim. 30020, 2019 WL 1976445, at *3 (W.D. Va. May 2, 2019) (concluding that defendant was eligible for relief despite judicial finding that he was responsible for 1.5 kilograms of crack cocaine); *United States v. Allen*, No. 3:96 Crim. 149, 2019 WL 1877072, at *2–3 (D. Conn. Apr. 26, 2019) (concluding that defendant was eligible despite judicial finding that he was responsible for 675 grams of crack cocaine).

Here, Williams is eligible for relief under the First Step Act because he was convicted of a covered offense that was committed before August 3, 2010. His conviction of Count One was premised on his violation of 21 U.S.C. § 841(b)(1)(A), the statutory penalties for which were reduced by section 2 of the Fair Sentencing Act. Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372. It is undisputed that his offense was committed before August 3, 2010. Therefore, Williams' offense was a "covered offense," and he is eligible for relief under the First Step Act.

## B. Whether a Reduced Sentence is Warranted

The Court has discretion in granting relief under the First Step Act. *See* First Step Act § 404(c). The parties agree that when the Fair Sentencing Act is applied retroactively, Williams has a total offense level of 40 and a criminal history category of II. (Dkt. No. 300 at 7; Dkt. No. 303 at 6.) Accordingly, the Guidelines range is 324 to 405 months' imprisonment. (*Id.*) In addition, in light of his prior felony conviction, he is also subject to a ten-year mandatory minimum term of imprisonment under 21 U.S.C. § 841(b)(1)(B).

Having reviewed the record, the 18 U.S.C. § 3553(a) factors, and Williams' post-offense conduct, this Court determines that a sentence reduction for Williams is warranted. Williams has already served almost sixteen years in prison, well beyond the ten-year mandatory minimum under the Fair Sentencing Act. He is now 47 years old. During his sixteen years in prison, Williams has not incurred a single disciplinary infraction, has completed his GED, and has actively participated in many training and education programs. (Dkt. No. 300 at 8.)

Sixteen years is enough. The Court concludes that a sentence of time served is sufficient to serve the purposes of sentencing pursuant to 18 U.S.C. § 3553(a). Accordingly, Williams is resentenced to time served and a term of supervised release of 8 years.

## III. Conclusion

For the foregoing reasons, Williams' motion for a reduction in sentence pursuant to Section 404(b) of the First Step Act is GRANTED. Williams is hereby resentenced to time served followed by an 8-year term of supervised release. All other terms of the original sentence will remain the same.

The Bureau of Prisons is authorized to delay execution of this Order for up to ten days after its issuance so that the Bureau of Prisons may make necessary arrangements for the defendant to be received upon release, and to ensure that any other necessary notifications and

formalities are accomplished. The Bureau of Prisons is authorized to release the defendant before the ten-day delay has ended if the necessary arrangements, notifications, and formalities for release are completed earlier.

SO ORDERED.

Dated: July 3, 2019
       New York, New York

_____
J. PAUL OETKEN
United States District Judge